UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC BORING, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> STAHELI TRENCHLESS CONSULTANTS, INC., a Washington corporation, and KIMBERLIE STAHELI LOUCH, P.E., Ph.D., individually, <br><br> Defendants. | CASE NO. C14-0187 RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. #11.  Defendants argue that two of Plaintiff's claims – Plaintiff's Third Claim for Relief Against Defendant Staheli Trenchless Consultants, Inc. ("STC"), and Plaintiff's Cause of Action for Declaratory Relief against both STC and Dr. Kimberlie Staheli – should be dismissed because this Court lacks subject matter jurisdiction over those claims, and because Plaintiff fails to allege facts sufficient to support the causes of action in any event.  *Id.*  Plaintiff responds that this Court has jurisdiction over the claims and that it has pled sufficient facts to meet the appropriate notice pleading standard.

ORDER
PAGE - 1

Dkt. #12. For the reasons set forth below, the Court disagrees with Plaintiff and GRANTS Defendants' motion to dismiss.

## II. BACKGROUND

Defendant Kimberlie Staheli is a licensed engineer operating her own consulting business. Dkt. #1 at ¶ 5. She co-authored a professional paper in 2009 about the legal impact of geotechnical baseline reports in subsurface excavation contracts which also contain Differing Site Condition clauses. Dkt. #1, Ex. D. Specifically, the paper addresses the mechanisms for allocation of risk in situations where truly unanticipated conditions may be encountered in a project which affects the cost of completion of the project. *Id.* The other co-author of the paper is an attorney from the Seattle law firm Davis Wright Tremaine, LLP, who is not a party to this suit. *Id.*

According to Plaintiff, on or about April 19, 2010, Defendants contracted with the Northshore Utility District to provide engineering services related to the installation of a sewer bypass line at the O.O. Denny Park in Kirkland, WA. Dkt. #1 at ¶ 30 and Ex. A. The park contained wetlands, which affected the types of technologies that could be utilized for excavation. Within the scope of her consulting services, Dr. Staheli allegedly reviewed and edited a geotechnical engineering services report by GeoEngineers, the geotechnical engineer for the sewer bypass project. *Id. at* ¶ 40. Dr. Staheli later contracted with Gray & Osborne, Inc., the design engineer on the project, to consult about auger bore specifications. *Id.* at ¶ 59.

In July 2011, Plaintiff (a trenchless construction firm) submitted a bid as a subcontractor for the project. *Id.* at ¶ 71. Plaintiff alleges that it had been solicited by Defendants to submit the bid. *Id.* at ¶¶ 68-71. Plaintiff further alleges that, in soliciting Plaintiff, Defendants "seriously misrepresented" the conditions of the project and the suitability

ORDER
PAGE - 2

of Plaintiff's technologies. Plaintiff also alleges that Defendants "manipulated" the aforementioned geotechnical reports to "shed liability" for unanticipated conditions. Dkt. #12 at 6-7. Plaintiff asserts that after successfully starting the project, it encountered unanticipated, wet flowing ground (a condition it alleges was known by Defendants, but hidden from Plaintiff), causing a sinkhole, prohibiting forward progress, and giving rise to a claim for differing site conditions. Dkt. #1 at ¶¶ 83-91. Ultimately, Plaintiff completed the project, but with additional time and expense. Plaintiff then brought suit against Defendants to recover damages it alleges arose from Defendants' negligence and misrepresentations.

### III.   DISCUSSION

**A. Standards of Review**

*1. Motions Under 12(b)(1)*

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, this Court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id*. "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe*

*Air for Everyone*, 373 F.3d at 1039)). Here, Defendants raise facial challenges to certain of Plaintiff's claims.

   2. *Motions Under 12(b)(6)*

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

   **B. Plaintiff's Complaint**

   1. *Plaintiff's Claim for Declaratory Relief*

In its Complaint, Plaintiff alleges a claim for declaratory relief, brought under Washington's Uniform Declaratory Judgment Act ("UDJA"), RCW 7.24, *et seq*. Dkt. #1 at ¶¶ 127-128. Specifically, Plaintiff asks this Court to declare that STC and Dr. Staheli are in violation of several provisions of: 1) WAC 196-27A-020, which creates canons for the professional conduct and practice of licensed professional engineers in Washington; 2) RCW 18.235, which concerns licensing and conduct requirements for such engineers; and 3) RCW 18.43.05 and 18.43.105, which impose disciplinary procedures for licensed professionals. *Id.* Defendants argue that this Court lacks jurisdiction over the claim because Washington State

has assigned enforcement of these statutes and municipal codes to the Board of Registration for Professional Engineers and Land Surveyors ("Board"). Dkt. #11 at 5-8 (citing RCW 18.43.110). Plaintiff opposes the motion, asserting that it is neither asking for discipline nor sanctions, which are within the exclusive purview of the Board, but rather is asking for the Court to determine whether Defendants violated the provisions of the statutes and codes cited which is within the jurisdiction of this Court. Dkt. #12 at 6-14.

The Court agrees with Defendants that it lacks jurisdiction over the declaratory relief claim. The Court can find no basis in any statute, regulation or case that allows it to issue the relief sought by Plaintiff. While Plaintiff points to several cases it believes demonstrates jurisdiction in this Court, those cases are easily distinguishable from the instant matter. For example, Plaintiff relies on an unpublished state Court of Appeals decision for the assertion that courts have made determinations about the applicability of the statutes at issue. *See Madera West Condominium Association v. Marx/Okubo*, 2013 Wash. App. LEXIS 1544 (Div. I July 1, 2013). However, in *Madera West*, the court examined the statutes in question only to determine whether there had been established a statutory duty which was then breached, and ultimately whether a negligence claim had been established. The court did not review the statutes in the context of a request for declaratory relief. *See Madera West*, 2013 Wash. App. LEXIS 1544 at *14-18. Likewise, *Burg v. Shannon & Wilson*, 110 Wn. App. 798, 43 P.3d 526 (Div. I 2002), does not hold to the contrary. Again, in that case, the court engaged in an analysis of the statutes in question only to determine whether a legal duty was owed as part of its analysis of a negligence claim.[1] *Burg*, 110 Wn. App. at 803-808.

---

[1] Further, this Court is not persuaded by Plaintiff's reliance on *Jackowski v. Borchelt*, 278 Wn.2d 720, 278 P.3d 1100 (2012). That case interpreted Washington's statute governing the professional conduct of real estate agents, also in the context of a negligence claim, which, unlike the instant case, contains express duties for such agents.

ORDER
PAGE - 5

In addition, the Court finds no statutory authority for jurisdiction. Plaintiff points to RCW 18.43.120, which provides that all officers of the state or any political subdivision thereof shall enforce the provisions of the statute. Dkt. # 12 at 12-13. However, that provision pertains to criminal enforcement of the statute against engineers who fail to register. *See* RCW 18.43.120 ("Any person who shall practice . . . engineering . . . in this state without being registered in accordance with the provisions of this chapter . . . shall be guilty of a gross misdemeanor."). For all of these reasons, this claim is dismissed.

*2. Washington's Consumer Protection Act*

Plaintiff's Third Cause of Action against STC only alleges violations of Washington's Consumer Protection Act ("CPA"). Dkt. #1 at ¶¶ 107-111. This Cause of Action is based on allegations that STC engaged in unfair competition by manipulating contract documents to withhold information from bidders and by supplying false information to Plaintiff which was material to Plaintiff's bid, which ultimately resulted in damages to Plaintiff. *Id.* To prevail in a private CPA claim, a plaintiff must prove: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986); *see* RCW 19.86.020 and .090. In this case, Defendants argue that Plaintiff's claim must be dismissed because it fails to allege sufficient facts demonstrating that the acts complained of occurred in trade or commerce. Specifically, Defendants argue that the claim is rooted in Defendants' alleged violations of its professional duties, and Washington law precludes CPA claims based on such professional practices unless the issues are related to the "entrepreneurial" aspects of the professional's practice. Dkt. #11 at 8-10.

ORDER
PAGE - 6

Plaintiff provides very little argument in response. Indeed, Plaintiff appears to agree that it must allege sufficient facts to demonstrate that the claim involves the entrepreneurial aspects of the practice or entrepreneurial motives. *See* Dkt. #12 at 19-20. Plaintiff then states that examples include "marketing activities." Dkt. #12 at 20. Plaintiff then asserts that Defendants' publication, "The Legal Impact of Geotechnical Baseline Reports," Dkt. #1, Ex. D, evidences their efforts to create or manipulate geotechnical baselines to avoid application of longstanding case law pertaining to differing site condition claims made by contractors. Dkt. #12 at 20. Significantly, the CPA Cause of Action against STC makes no mention of the publication as a basis for the claim, or how the article (which of course was not authored by the company) was related to the sewer bypass project or any alleged damages. Accordingly, the Court finds that Plaintiff has failed to allege a plausible CPA claim against STC and the claim must be dismissed.

**C. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's two causes of action discussed above, particularly given the invalidity of Plaintiffs' primary legal arguments as discussed above.

ORDER
PAGE - 7

## IV.     CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss (Dkt. #11) is GRANTED.  Plaintiff's Cause of Action against STC and Dr. Staheli for declaratory relief is DISMISSED for lack of subject matter jurisdiction.  Plaintiff's Third Claim for Relief against STC is also DISMISSED for Plaintiff's failure to state a cause of action upon which relief may be granted, as discussed above.  The case will proceed without those two causes of action.

DATED this 21st day of November 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE